**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**
**PITTSBURGH DIVISION**

CAITLIN O. McCREARY,

      Plaintiff,

      v.

PNC BANK, N.A.

      Defendants.

Case No.  2:26-cv-800-MRH

## DEFENDANT PNC'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendant PNC Bank, N.A. ("PNC"), by and through its attorneys, submits this motion to dismiss, with prejudice, Plaintiff Caitlin McCreary's Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(6).

In support of its motion, PNC states as follows:

1. Plaintiff's Amended Complaint asserts three claims: race discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII) and 42 U.S.C. § 1981 (Section 1981) (Counts I and III); and retaliation in violation of Title VII and Section 1981 (Counts II and III).

2. "To withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *St. Luke's Health Network, Inc. v. Lancaster Gen. Hosp.,* 967 F.3d 295, 299–300 (3d Cir. 2020) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)) (internal quotation marks omitted).

3. "[C]onclusory or 'bare-bones' allegations" are insufficient to survive a motion to dismiss, nor will "threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements" suffice. *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

4.      Although courts are expected to liberally construe *pro se* complaints, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239 (3d Cir. 2013); *see also Thomas v. Christian H. Buhl Legacy Trust*, 2015 WL 757545, at *4-6 (W.D. Pa. 2015) (dismissing *pro se* plaintiff's ADEA and Title VII claims for failure to allege sufficient facts).

5.      The facts pled in Plaintiff's Amended Complaint do not raise any plausible inference that PNC was motivated by discrimination or retaliation in its decision to terminate her employment within approximately two months of the date she was hired.

6.      Instead, Plaintiff alleges that she was terminated within her probationary period after requesting reassignment for reasons unrelated to race. (Amend. Compl. ¶¶ 197-200; ¶¶ 226-232), and asserts generalized grievances that are not connected in any way to Plaintiff's race. (Amend Compl. ¶¶ 34-64.)

7.      Furthermore, Plaintiff does not allege having engaged in protected activity prior to her termination; instead, she alleges making only a conclusory reference to "discrimination", which is insufficient to support a retaliation claim. (Amend. Compl. ¶¶ 206-210.); *see Ogunbayo v. Hertz Corp.,* 542 F. App'x 105, 107 & n.2 (3d Cir. 2013) ("Although particular words such as 'discrimination' are certainly not required to put an employer on notice of a protected complaint, neither are they sufficient to do so if nothing in the substance of the complaint suggests that the complained-of activity is, in fact, unlawfully discriminatory.")

8.      Additionally, Plaintiff's allegations more plausibly suggest, given her request for reassignment, that she knew her employment was not working out, and that PNC's decision to

2

terminate her during her probationary period was based upon the same, non-retaliatory reason. (*See* Amend. Compl. ¶¶ 197-200.) *See Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009) (where allegations are merely "consistent with" discrimination but present an "obvious alternative explanation" for the alleged conduct, "discrimination is not a plausible conclusion"); *see also Sproul v. SunPro Solar,* 2023 WL 3548976, at *6 (W.D. Pa. 2023) (dismissing Title VII and ADA retaliation claim where plaintiff "admit[ted] that he was terminated for insubordination" after he "posted a video" of a "a man using the 'F word'"); *Ledda v. St. John Neumann Regional Academy,* 2021 WL 1035106, at *8 (M.D. Pa. 2021) (dismissing Title VII retaliation claim because, after "accepting [plaintiff's] allegations as true," complaint indicated that plaintiff was terminated for "displaying racist behavior toward minority students, not because he complained of discriminatory treatment") *Wevodau v. Pa.*, 2017 WL 4122459, at *3 (M.D. Pa. 2017) (dismissing FMLA retaliation claim where the only plausible inference to be drawn from plaintiff's allegations was non-retaliatory.); *Park v. Temple Univ.*, 2017 WL 368087, at *5 (E.D. Pa. 2017) (dismissing Equal Protection Act claim where obvious alternative explanation for employment action existed.)

9.      Plaintiff has pled no non-conclusory facts to suggest that her termination from employment with PNC was discriminatory or retaliatory.

**WHEREFORE,** Defendant PNC Bank, N.A. respectfully requests that the Court dismiss Plaintiff's Amended Complaint with prejudice.

3

DATED:  July 1, 2026

Respectfully submitted,

SEYFARTH SHAW LLP


By:*/s/ Jacob Oslick*

Jacob Oslick
joslick@seyfarth.com
Robert S. Whitman (*pro hac vice* forthcoming)
rwhitman@seyfarth.com
Kathryn K. Forman (*pro hac vice* forthcoming)
kforman@seyfarth.com


SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York  10018
Telephone:  (212) 218-5500
Facsimile:  (212) 218-5526

Attorneys for Defendant

4

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 1, 2026, I presented the foregoing MOTION TO DISMISS, accompanying MEMORANDUM OF LAW IN SUPPORT, PROPOSED ORDER, and COMPENDIUM OF UNREPORTED DECISIONS with the Clerk of the Court using the CM/ECF system, and served a copy via Federal Express, upon the Plaintiff, *pro se*, addressed as follows:

Caitlin O. McCreary
401 W. Commons Dr., Apt. 208
Pittsburgh, PA 15212

*/s/ Jacob Oslick*
Jacob Oslick

5

326909770v.1